IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE

IN RE: *
UNITED BAPTIST MISSIONARY        CASE NO.: 10-12735
CONVENTION AND AUXILIARIES
INCORPORATED                     *   CHAPTER 11
          Debtor.
* * * * * * * * * * * * *

**EMERGENCY MOTION OF DEBTOR FOR AUTHORITY TO USE
CASH COLLATERAL AND GRANT ADEQUATE PROTECTION THEREFOR**

The United Baptist Missionary Convention and Auxiliaries Incorporated, Debtor and Debtor-In-Possession, moves on an emergency basis for authority to use cash collateral and to grant adequate protection therefor and, in support thereof, states:

1. On February 9, 2010 (the "Petition Date") the United Baptist Missionary Convention and Auxiliaries Incorporated (the "Debtor" or "Church") filed a Voluntary Petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

2. The Debtor has remained in possession of its property and continues to manage its financial affairs as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §1408 and 1409. The statutory basis for the relief sought herein is 11 U.S.C. §§361 and 363.

Background

4. The Debtor's primary business consists of the operation and management of a church. The Debtor is organized under the laws of state of Maryland. The Debtor's principal place of business is located at 5204 Liberty Heights Avenue, Baltimore, Maryland 21207. All of the Church's operations are managed out of the Debtor's headquarters office in Baltimore, Maryland.

5. The purchase of equipment, furniture and accessories for the Church and development of the Church's congregation are financed primarily through loans from various lenders.

6. The Church is the direct obligor of the loans and/financing agreements from First Mariner Bank and VGM Financial (the "lenders).

7. As a general rule, the Church issues purchase orders goods and/or services purchased. The goods and services are then provided directly to the Debtor and thereafter, the Church pays the related invoices using cash provided by the charitable contributions of the congregants.

Relief Requested

8. Bankruptcy Rule 4001 provides that the Court may commence a final hearing on a motion for authorization to use cash collateral no earlier than fifteen (15) days after service of the motion. Bankruptcy Rule 4001 further provides that, upon request, the Court may conduct a preliminary hearing before such fifteen (15) day period expires to authorize the use of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

9. The Debtor must be able to use cash collateral before the fifteen (15) day period expires and, by this Emergency Motion, requests that the Court authorize its preliminary use of cash collateral. At the end of such period, the Debtor must be able to continue to use cash collateral and thus requests a final hearing for such use.

10. In order for Debtor to operate its business, meet its obligations and preserve its business as a going concern, it is necessary for the Debtor to be authorized to use the receipts and cash in which the Creditor(s) claim a security interest.

11. The receipts and cash received from the Debtor's daily operations constitute cash collateral as that term is defined under Section 363(a) of the Bankruptcy Code and may be used by the Debtor with the consent of the Creditor or upon an order of the Bankruptcy Court.

12. The Bankruptcy Code requires "adequate protection" of the Creditors' interest in cash collateral. Such adequate protection is afforded where operations continue at a break-even level or generate a profit and there is a strong likelihood of reorganization. See, e.g., *In re Xinde International, Inc.*, 13 B.R. 212 (Bankr.D.Mass.1981); *In re Grant Broadcasting of Philadelphia, Inc.*, 71 B.R. 376 (Bankr.E.D.Pa.1987).

13. The Church proposes that, as adequate protection for the Creditors' interest in any Cash Collateral so used, the Creditors be granted a security interest of the same nature, extent and priority as the Creditors' pre petition security interest in the Collateral and any profits, offspring and proceeds of the Collateral hereinafter acquired, to the extent of the Debtor's use of such Cash Collateral and subject to any lien of a superior priority granted by the terms of any order of the Court.

14. The Church proposes that to the extent it obtains any cash collateral in the ordinary course of its business during the first fifteen (15) days after the Petition

Date, that it be authorized to use said cash collateral to pay any obligations set forth in the budget to be filed , or until the final hearing on the use of cash collateral.

15. The Debtor requires the Church's preliminary use of cash collateral in order to avoid immediate and irreparable harm to the bankruptcy estate pending a final hearing on the use of cash collateral.

16. The Church also seeks to use cash collateral after the expiration of any interim order, on an ongoing basis. The Church requests that the Court authorize the Church, simultaneous with the entry of any interim order, to put out on negative notice to all parties entitled to notice a notice scheduling a final hearing and that the Court, absent any objection, may grant one or more final orders authorizing the Debtor's continued use of cash collateral without a hearing.

WHEREFORE, the United Baptist Missionary Convenation and Auxiliaries, Incorporated, Debtor and Debtor-In-Possession, respectfully requests the following relief:

A. That the Motion be granted and an Order in the form attached hereto be entered; and

B. That, to avoid immediate and irreparable harm to this bankruptcy estate pending a final hearing on the Debtor's Emergency Motion for Authority to Use Cash Collateral and Grant Adequate Protection Therefor, the Church be authorized to use cash collateral in the ordinary course of business to pay reasonable and ordinary expenses in conformity with the budget, to be filed, until a final hearing on the Emergency Motion for Authority to Use Cash Collateral and Grant Adequate Protection Therefor; and

C. That as adequate protection for the Creditor's interest, if any, in any cash collateral so used, the Creditors be granted a security interest of the same nature, extent and priority as the pre petition security interest the Creditors had in the Collateral and any profits, offspring and proceeds of the Collateral hereinafter acquired, to the extent of the Debtor's use of such cash collateral; and

D. That the security interest granted hereby shall become duly perfected without the necessity for filing or execution of documents which might otherwise be required pursuant to applicable non-bankruptcy law for the creation or perfection of such security interest, shall survive the conversion of this case to a case under Chapter 7 of the Bankruptcy Code, and shall be binding upon any subsequently appointed trustee and upon all creditors of the Debtor and its bankruptcy estate; and

E. That nothing contained herein shall preclude any party in interest from seeking modification of the order approving this Motion upon appropriate motion to this Court; and

F. That a final hearing on the Debtor's use of cash collateral be set on negative notice as requested in the motion; and

G. That the United Baptist Missionary Convention and Auxiliaries, Incorporated, Inc., Debtor and Debtor-In-Possession, be granted such other and further relief as

is just and equitable.

                              Respectfully submitted,

                              ____/s/_____
                              Adam M. Freiman, Esquire, Bar No. 23047
                              Sirody, Freiman & Feldman, P.C.
                              1777 Reisterstown Road, Suite 360 E
                              Baltimore, MD 21208
                              (410) 415-0445

                              Proposed Attorney for Debtor and Debtor in Possession

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this, the 9th day of February 2010, a copy of the foregoing Emergency Motion of Debtor for Authority to Use Cash Collateral and Grant Adequate Protection Therefor and proposed Order was mailed first class, postage prepaid to:

20 Largest Creditors as filed with the Court.

                              ____/s/_____
                              Adam M. Freiman, Esquire