IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE

| | | |
|---|---|---|
| IN RE: | * | |
| UNITED BAPTIST MISSIONARY | | CASE NO.: 10-12735 |
| CONVENTION AND AUXILIARIES | | |
| INCORPORATED | * | CHAPTER 11 |
| Debtor. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING PAYMENT OF PREPETITION WAGES AND COMPENSATION, AND THE CONTINUATION OF CERTAIN EMPLOYMENT POLICIES IN THE ORDINARY COURSE

The Debtor, by his undersigned proposed counsel and pursuant to Sections 105(a) and 507(a)(4) and (5) of the United States Bankruptcy Code (the "Bankruptcy Code"), hereby move for the entry of an Order authorizing, but not requiring, the United Baptist Missionary Convention and Auxiliaries, Incorporated ("Church") to pay prepetition wages, compensation, and related items postpetition of the Church's employment policies in the ordinary course of business. In support of this Motion, the Debtor states as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

A. **Introduction**

2. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.

3. The Debtor continues to manage and operate his businesses as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. An official committee has not yet been appointed.

5. No request for a trustee or examiner has been made in this chapter 11 case.

**B.** **Overview of the Debtor's Businesses**

6. The United Baptist Missionary Convention and Auxiliaries, Incorporated is a corporation formed under the laws of the State of Maryland with its principal place of business located in Baltimore City, Maryland. The Church provides opportunities for Christian growth, development and socialization through weekly spiritual services, bible study and community charitable work.

**C.** **United Baptist Missionary Convention and Auxiliaries, Inc.'s Employee Compensation Obligations**

7. As of the Petition Date, the Church has several employees, consisting of administrative assistants, teachers and maintenance workers.

8. In the ordinary course of business, the Church incurs payroll obligations to employees for the performance of services.

**Relief Requested**

10. By this Motion, the Debtor respectfully requests the entry of an Order authorizing, but not requiring, the Church to pay outstanding Prepetition Payroll Obligations.

**Basis for Relief**

11. Given the timing of these bankruptcy filings, the Church's outstanding Prepetition Payroll Obligations constitute prepetition obligations. The Church seeks an Order authorizing

payment of the Prepetition Payroll Obligations as well as authority to continue paying and/or otherwise honoring the Employee Obligations in the ordinary course.

12. Payment of the Employee Obligations is justified under section 105(a) of the Bankruptcy Code and the widely recognized "necessity of payment doctrine." Under the "necessity of payment doctrine" and section 105(a) of the Bankruptcy Code, courts have permitted immediate payment of prepetition obligations where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors, specifically including payment of prepetition claims of employees. *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175-76 (Bankr. S.D.N.Y. 1989) (finding that payment of prepetition wages, salaries, reimbursable business expenses and health benefits to active employees of debtor airline authorized); *In re Chateaugay Corp.*, 80 B.R. 279, 286-88 (S.D.N.Y. 1987), appeal dismissed, 838 F.2d 59 (2d Cir. 1988) (approving lower court order authorizing debtor, prior to plan stage of case, to pay prepetition wages, salaries, expenses and benefits); *In re Gulf Air Inc.*, 112 B.R. 152, 153-54 (Bankr. W.D. La. 1989) (permitting payment of prepetition wages, benefits and expenses as necessary to maintain going concern values and to assist reorganization efforts).

13. The successful reorganization of the Debtor's business, to be accomplished in large part by the continuing efforts of current employees, depends on the retention and motivation of the employees during this critical time in this chapter 11 case. Any disruption in the Debtor's operations from employee resignations or poor morale could have significant negative effects on the reorganization efforts. Most of the Church's employees (and their families) are dependent upon the wages they receive from the Church.

14.  If amounts owed are not paid employees may suffer extensive personal hardship and in some cases will be unable to meet the "basic living" needs. This could cause significant harm to employees and their families and potentially make it difficult or impossible for them to continue working for the Church.

15.  Payment of the Prepetition Payroll Obligations will not prejudice other creditors of the Debtor's estate as the employees, in any event, are entitled to priority status under either §§507(a)(4) or (a)(5)(B) of the Bankruptcy Code with respect to such obligations and payment in full pursuant to a chapter 11 plan. See 11 U.S.C. § 1129(a)(9)(B). The Debtor will not pay any individual more than $10,950, the statutory caps provided in §§ 507(a)(4)(A) and (a)(5)(B) of the Bankruptcy Code.

16.  Accordingly, granting the relief requested would affect only the timing and not the amount of payment of the Employee Obligations to the extent they constitute priority claims.

17.  For all the reasons set forth herein, the Debtor submits that payment of the Employee Obligations and the continuation of the specified related employment policies is necessary to the success of the Debtor's reorganization efforts and should be authorized by this Court.

## Satisfaction of Bankruptcy Rule 6003

18.  Pursuant to Bankruptcy Rule 6003, the Court may grant a request of a debtor to pay all or part of a prepetition claim in the first 20 days of a case only if that relief is necessary to avoid immediate and irreparable harm. For the reasons set forth above, the ability to honor the Employee Obligations immediately is necessary to avoid (a) the disruption and risk to the Debtor's reorganization efforts, to the detriment of all parties, if the employees were to seek employment elsewhere and (b) hardships that the employees would suffer if the Employee

Obligations were not paid. Accordingly, the Debtor submits that he have satisfied the requirements of Bankruptcy Rule 6003 with respect to the relief requested in this Motion.

### Notice

19. Notice of this Motion will be provided to: (i) the Office of the United States Trustee; and, (ii) to Debtor's secured and unsecured creditors listed on the Creditor Matrix filed with the Court.

20. No previous motion for the relief sought herein has been made to this Court or to any other court.

### Statement Pursuant to Local Bankruptcy Rule 9013-2

21. Pursuant to Rule 9013-2 of the Local Rules, the Debtor states that, in lieu of submitting a memorandum in support of this Motion, he will rely solely upon the grounds and authorities set forth herein.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto granting the relief requested herein, and such other and further relief as the Court deems just and proper.

DATED: February 9, 2010

Respectfully submitted,
_____/s/_____
Adam M. Freiman, Bar No. 23047
Proposed Attorney for Debtor and
Debtor-in-Possession
Sirody, Freiman & Feldman, PC
1777 Reisterstown Road, Suite 360E
Baltimore, MD 21208
(410) 415-0445

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this, the 9th day of February 2010 a copy of the foregoing Motion for Entry of an Order Authorizing Payment of Prepetition Wages and Compensation and the Continuation of Certain Employment Policies in the Ordinary Course and proposed Order was transmitted via facsimile or overnight delivery to all of the parties on the Creditor Matrix from the Court's website.

_____/s/_____
Adam M. Freiman, Esquire