IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| **In re:** | * | Case No. 10-12735-JFS |
| **UNITED BAPTIST MISSIONARY CONVENTION AND AUXILIARIES,** | * | (Chapter 11) |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| **FIRST MARINER BANK** | * |
| 3301 Boston Street | |
| Baltimore, Maryland 21224**,** | * |
| Movant, | * |
| v. | * |
| **UNITED BAPTIST MISSIONARY CONVENTION AND AUXILIARIES** | * |
| 940 Madison Avenue | * |
| Baltimore, Maryland  21201, | |
| | * |
| Respondent. | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**SUPPLEMENT TO MOTION FOR RELIEF FROM AUTOMATIC STAY
(940 Madison Avenue, Baltimore, Maryland 21201, Rents, Fixtures and Equipment)**

First Mariner Bank ("First Mariner"), by its undersigned counsel, files this supplement (the "Supplement") to its Motion for Relief from Automatic Stay [Paper No. 68] (the "Motion").  In support of the Supplement, First Mariner states as follows:

1. First Mariner incorporates by reference each and every allegation set forth in the Motion.

  2. First Mariner hereby supplements its Motion by providing an additional ground warranting relief from the automatic stay.

A. *No Equity in Property and Not Necessary for Effective Reorganization (§ 362(d)(2))*

  3. The Debtor does not have an equity in the Property, and the Property is not necessary to an effective reorganization.

**1. Debtor Does Not Have An Equity in the Property**

  4. As discussed in the Motion, the Property has little to no equity. As of the Petition Date, the amount due and owing under the Note was $2,829,429.23. First Mariner obtained an appraisal of the Property on February 12, 2010, stating that the Property has a fair market value of $2,700,000.00.

**2. Property is Not Necessary for Effective Reorganization**

  5. In order for property to be necessary for an effective reorganization, reorganization must be within reasonable prospect. *See United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365 (1988). "What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect.* This means, as many lower courts, including the en banc court in this case, have properly said, that there must be 'a reasonable possibility of a successful reorganization within a reasonable time.'" *Id*. at 375-76 (emphasis in original).

  6. Here, the Debtor has failed to file a disclosure statement and a plan of reorganization within the time fixed by 11 U.S.C. § 1121.

WHEREFORE, for the foregoing reasons, First Mariner Bank respectfully requests this Court to enter an Order:

(A) Terminating the automatic stay so as to allow First Mariner to foreclose on the Property, Rents, Fixtures and Equipment; and

(B) Granting such other and further relief as equity and justice may require.

　　/s/ Craig B. Leavers
Craig B. Leavers, Bar No. 26914
HOFMEISTER & LEAVERS, LLC
409 Washington Avenue, Ste. 210
Towson, Maryland 21204
(410) 832-8822 ext. 208

*Attorney for First Mariner Bank*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of August, 2010, a copy of the foregoing was served on the parties listed below by first-class mail, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

| | |
|---|---|
| United Baptist Missionary<br>　　Convention and Auxiliaries, Inc.<br>940 Madison Avenue<br>Baltimore, Maryland  21201<br>*(Debtor)* | Adam M. Freiman, Esq.<br>Jeffrey M. Sirody, Esq.<br>D. Phillip Anderson, Esq.<br>Sirody, Freiman & Feldman<br>1777 Reisterstown Road, Ste. 360 E<br>Baltimore, Maryland  21208<br>*(Attorneys for the Debtor)* |
| Office of the United States Trustee<br>101 West Lombard Street, Ste. 2625<br>Baltimore, Maryland 21201 | 20 Largest Unsecured Creditors |

　　/s/ Craig B. Leavers
Craig B. Leavers